**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATHAN MCCOY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>MINERVA NEUROSCIENCES, INC. and REMY LUTHRINGER,<br><br>       Defendants. | Case No.: 1:20-cv-12176-GAO<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MELVIN NELSON TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |
| YUTING AO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>MINERVA NEUROSCIENCES, INC. and REMY LUTHRINGER,<br><br>       Defendants. | Case No.: 1:21-cv-10051-GAO |

Movant Melvin Nelson ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)     consolidating the above-captioned related actions;

(2)     appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of Minerva Neurosciences, Inc. ("Minerva" or the "Company") stock between May 15, 2017 and November 30, 2020, inclusive (the "Class Period"); and

(3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.[1]

## INTRODUCTION AND BACKGROUND

On December 8, 2020, the action captioned *McCoy v. Minerva Neurosciences, Inc., et al.*, Case No. 1:20-cv-12176-GAO (D. Mass.) was commenced against the Company and certain of its officers and directors for violations under the Exchange Act. That same day, an early notice was issued pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Joshua Baker filed herewith ("Baker Decl." or "Baker Declaration"). On January 11, 2021, the related action styled as *Ao v. Minerva Neurosciences, Inc., et al.*, Case No. 1:21-cv-10051-GAO (D. Mass.) was subsequently filed in this Court asserting substantially the same facts and claims as the instant action.

Defendant Minerva purports to be a clinical-stage biopharmaceutical company focused on the development and commercialization of a portfolio of product candidates to treat patients suffering from central nervous diseases. The Company's lead product candidate is roluperidone, in development for the treatment of negative symptoms in patients with schizophrenia. Minerva common stock trades in an efficient market on the NASDAQ stock exchange under the ticker "NERV." The Company's headquarters are located at 41601 Trapelo Rd., Suite 286, Waltham, MA 02451, and the Company is incorporated under the laws of the State of Delaware.

---

[1] As stated in the Motion, given the nature of this type of motion, which can be brought by any investor irrespective of whether they have filed a complaint, counsel for Movant respectfully request leave from compliance with Local Civil Rule 7.1(a)(2) since it was unknown at the time of filing whether other investors intended to move this Court seeking similar relief.

The Complaint alleges that, throughout the Class Period, defendants made false and/or misleading statements regarding and/or failed to disclose that: (1) the truth about the feedback received from the U.S. Food and Drug Administration concerning the "end-of-Phase 2" meeting; (2) the Phase 2b study did not use the commercial formulation of roluperidone and was conducted solely outside of the United States; (3) the failure of the Phase 3 study to meet its primary and key secondary endpoints rendered that study incapable of supporting substantial evidence of effectiveness; (4) the Company's plan to use the combination of the Phase 2b and Phase 3 studies would be "highly unlikely" to support the submission of a New Drug Application ("NDA"); (5) reliance on these two trials in the submission of an NDA would lead to "substantial review issues" because the trials were inadequate and not well-controlled; and (6) as a result, the Company's public statements were materially false and misleading at all relevant times.

Minerva's drug candidate roluperidone, MIN-101, is in development for the treatment of negative symptoms in patients with schizophrenia. In October 2016, the Company had previously reported positive results from a Phase 2b trial of roluperidone for this treatment, asserting that the "[d]ata show continuous improvement in negative symptoms, stable positive symptoms and extended safety profile."

On May 15, 2017, the start of the Class Period, Minerva announced via press release that it would proceed to a Phase 3 clinical trial for MIN-101 following a successful "end-of-Phase 2" meeting with the U.S. Food and Drug Administration ("FDA"). In this press release, Defendant Rémy Luthringer ("Luthringer") was quoted as saying that "[o]ur discussion with the [FDA] has helped to confirm our Phase 3 trial design, which is similar to our previous Phase 2b trial design. We believe that positive data from the Phase 3 trial, along with the positive data from the Phase

2b trial, may form the basis for the future submission of a New Drug Application for [roluperidone] with the FDA.”

The FDA, however, did not agree with Minerva that positive data from the Phase 2b trial could form the basis of a future New Drug Application (“NDA”) for MIN-101, or that the Phase 3 trial was a well-designed trial. Thus, Luthringer's statements about FDA feedback were materially misleading.

On May 29, 2020, Minerva released the results of its Phase 3 clinical trial. The Company announced that the studied “doses were not statistically significantly different from placebo at Week 12 on the primary endpoint . . . or the key secondary endpoint.” In other words, the Phase 3 clinical trial failed.

On this news, the Company's stock price fell from a May 28, 2020 closing price of $13.47 per share to a May 29, 2020 closing price of just $3.71 per share, representing a one day drop of approximately 72.5%.

On a November 2, 2020 earnings call, Luthringer, in discussing an upcoming November 10, 2020 meeting with the FDA to discuss whether the Phase 2b study combined with the data from the Phase 3 study could form the basis of an NDA, said: “with all the data we have generated and we put in the briefing book, we are extremely confident that the FDA will understand that we have really very compelling data as you already have seen, when you combine the 2 studies, Phase IIb and Phase III . . . .”

On December 1, 2020, before the markets opened, Minerva issued a press release revealing that it had “received official meeting minutes from the November 10, 2020 Type C meeting with the” FDA. Minerva disclosed for the first time that the “FDA advised that the Phase 2b study is problematic because it did not use the commercial formulation of roluperidone and was conducted

solely outside of the United States. In addition, FDA commented that the Phase 3 study does not appear to be capable of supporting substantial evidence of effectiveness . . . ." Indeed, the "FDA cautioned that an NDA submission based on the current data from the Phase 2b and Phase 3 studies would be highly unlikely to be filed and that at a minimum, there would be substantial review issues due to the lack of two adequate and well-controlled trials to support efficacy claims for this indication."

On this news, Minerva's stock price fell from its November 30, 2020 closing price of $3.89 per share to a December 1, 2020 closing price of $2.89 per share, representing a one day drop of approximately 25.7%.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants

5

arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

### A.    This Motion is Timely

Movant has timely filed the instant motion, and has filed herewith a PSLRA certification attesting he is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* Baker Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    Movant has The Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005). Movant lost $22,557.44 in connection with his purchases of Minerva stock during the Class Period. *See* Baker Decl., Ex. 3 (Movant's Loss Chart).

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.* at 437.

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by issuing false and misleading statements about the Company's business and financial condition. Movant's interests are closely aligned with the other Class members' and his interests are, therefore, typical of the other members of the Class.

### 2. Movant is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.2d. 201, 265 (3d Cir. 2001).

Movant is retired and lives in Pennsylvania. Prior to retirement, Movant worked for the federal government in computers. Movant has a college degree, with a major in economics and a minor in math. Movant has been investing for over ten years. Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class.

### D.      Movant is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)     will not fairly and adequately protect the interests of the class; or
>
> (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movant is the most adequate lead plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint the Movant as Lead Plaintiff for the Class.

### III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with

9

Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Class' and Movant's claims including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Baker Decl., Ex. 4. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: February 8, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Joshua Baker
Joshua Baker, Esq. (BBO #695561)

10

Laurence M. Rosen, Esq. (*pro hac vice* to be submitted)
Phillip Kim, Esq. (*pro hac vice* to be submitted)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jbaker@rosenlegal.com
        lrosen@rosenlegal.com
        pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2021, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MELVIN NELSON TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE SELECTION OF COUNSEL** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Joshua Baker